# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7919 | **DATE** | November 9, 2012 |
| **CASE TITLE** | Adrain Davenport vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and a service copy for each named Defendant). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint in accordance with this order will result in summary dismissal of this case.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Adrain Davenport, formerly confined at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Naming only the Cook County Department of Corrections as Defendant, Plaintiff alleges, in a few fragmented sentences, that he was housed in Division Three's intake area of the jail for five days (though he does not specify when); that he had to sleep on the floor with no blankets or sheets, that he was not able to use a telephone, and that no one helped him. (Compl. at 6.)

    Plaintiff, who is no longer incarcerated, seeks to proceed *in forma pauperis* ("IFP"). His motion indicates that he cannot pay the $350 filing fee. The Court thus grants Plaintiff's IFP motion and waives the filing fee.

    Although he may proceed IFP, Plaintiff's complaint cannot proceed and must be dismissed. First, the Cook County Department of Corrections is not an entity separate from Cook County and cannot be named as Defendant. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Second, the complaint's allegations, which consist of a few fragmented sentences, do not provide sufficient notice of his claim. Although Plaintiff need not state extensive details, he must at least give "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). To provide sufficient notice, Plaintiff must indicate when he was confined at the jail and experienced the above-described conditions.

    Lastly, Plaintiff's allegations do not state a claim upon which this Court can grant relief. To state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the Defendant acted with deliberate indifference to those conditions, i.e., that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citation omitted). The conditions Plaintiff describes, particularly considering the short period of time of only five days, do not to rise to the level of unconstitutional. *See Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (spending 44 hours in a wheelchair without access to the bed in the cell was not an unconstitutional condition of confinement); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (sleeping on the floor without a mattress for one night did not give rise to a Fourteenth Amendment violation); *Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D. Ill. 1993) (the Constitution is indifferent as to whether the mattress is on the floor or on the bed); *see also Ellis v. Hardy*, No. 08 C 8174, 2012 WL 5305530 at *1 (N.D. Ill. Oct. 25, 2012) (Gottschall, J.) (collecting cases where temporary adverse

| STATEMENT |
|---|

sleeping arrangements did not amount to a constitutional violation).

  Claims of adverse conditions for as short a period of time as Plaintiff's have been allowed to proceed only when the conditions were extreme. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The conditions Plaintiff alleges do not rise to such a level. Nonetheless, the Court will afford Plaintiff an opportunity to submit an amended complaint on the off-chance that there were additional adverse conditions not yet alleged that would indicate that his living arrangement was sufficiently serious that it amounted to a constitutional violation.

  For the reasons stated above, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint that not only names a suable party, such as the officials who supervised Division 3 when Plaintiff was there or the officers to whom he complained, but also asserts allegations sufficient to state a claim of an unconstitutional condition of confinement. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so may be construed as his desire not to proceed and will result in summary dismissal of this case.